D. GILL SPERLEIN, SBN 172887
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA 94114
Telephone: (415) 404-6615
Facsimile:  (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiffs

COPY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

CASE NO.:

BAOL, S.R.O., RUDKO BENKO, DANIEL TRNKA, MILAN HANKOVSKY, MICHAL KARIKA, PETR MASIN, IGOR CAFIK, ADRIAN KOVACS, TAMAS URBAN, LUKAS GOMBIK,  ATTILA KISS, and DANIEL FERENCIK,

          Plaintiffs,

     v.

RSVP VACATIONS, LLC and HOLLAND AMERICA, N.V.,

          Defendants.

**COMPLAINT FOR DAMAGES:**

1) **BREACH OF CONTRACT;**
2) **FRAUD;**
3) **INDUCING BREACH OF CONTRACT;**
4) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS;**
5) **NEGLIGENCE;**
6) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**
7) **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**JURY TRIAL DEMANDED**

THE LAW OFFICE OF D. GILL SPERLEIN   345 GROVE STREET   SAN FRANCISCO, CA 94102   TEL: 415-404-6615   FAX: 415-404-6616

-1-

COMPLAINT

COMPLAINT

## JURISDICTION

1.      This Court has subject matter jurisdiction over this matter based on 28 U.S.C.A. § 1332 because the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars and the citizenship of the parties is diverse.  Plaintiff BAOL, s.r.o. is a Czech company with its principle place of business in the Czech Republic.  Each of the individual Plaintiffs is a subject of a foreign state and is not lawfully admitted for permanent residence in the United States or domiciled in the same state as any Defendant.  Defendant RSVP, llc is a California limited liability company with its principle place of business in Minneapolis, Minnesota.  Defendant Holland America, N.V. is a Dutch company with its principal place of business in Seattle Washington.

2.      This Court has personal jurisdiction over Defendant RSVP Vacations, llc because it is a limited liability company formed under the laws of and registered in the State of California.

3.      This Court has personal jurisdiction over Defendant Holland America, N.V. because it solicits, transacts, and is doing business within the Jurisdiction.  Its activities in California are substantial, continuous and systematic.  As such, Defendant Holland America, N.V. has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over it.  Further, Plaintiffs claims arise out of Defendant Holland America, N.V.'s activities purposefully directed toward Defendant

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102    FAX: 415-404-6616
TEL: 415-404-6615

RSVP, llc a California limited liability company.  Defendant Holland America, N.V. purposefully availed itself of the privilege of conducting activities within this state and thus invoked the benefits and protections of California law.  The exercise of personal jurisdiction over Defendant Holland America, N.V. is reasonable.

## VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

5.      Plaintiff is BAOL[1], s.r.o. doing business as BEL AMI (hereinafter alternatively referred to as BAOL or BEL AMI) is a Czech company engaged in the business of producing, marketing, and distributing gay erotic entertainment products throughout the world, including Internet website content, videos, DVDs, and photographs.

6.      Plaintiffs RUDKO BENKO, DANIEL TRNKA, PETR MASIN, LUKAS GOMBIK, and MICHAL KARIKA are subjects of the Czech Republic.  Plaintiffs MILAN HANKOVSKY, IGOR CAFIK, and DANIEL FERENCIK are subjects of the Slovak Republic.  ADRIAN KOVACS, THAMAS URBAN, and ATTILA KISS are subjects of Hungary.  They are actors or models who have appeared in movies produced and released by Plaintiff, BAOL, s.r.o. or videographers/photographers engaged by Plaintiff, BAOL, s.r.o.  Each of the individual Plaintiffs boarded the cruise

_____

1. BAOL is an acronym for Bel Ami on Line.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

ship Nieuw Amsterdam at the request of Defendant RSVP VACATIONS, llc. (hereinafter referred to as the individual Plaintiffs).

7.     Defendant RSVP VACATIONS, llc (hereinafter alternatively referred to as RSVP) is a California limited liability company with its headquarters in Minneapolis, Minnesota that operates a gay tour company.

8.     Defendant Holland America, N.V. (hereinafter alternatively referred to as Holland America) is a Dutch company with its headquarters in Seattle, Washington that owns and operates the cruise ship Nieuw Amsterdam.

## **INTRODUCTION**

9.     Defendant RSVP hired a group of attractive young men to "mix and mingle" with their gay passengers on a gay Mediterranean cruise aboard Defendant Holland America's cruise ship the Nieuw Amsterdam.  In return, RSVP promised the young men a "vacation" including food and safe passage from Barcelona around the Western Mediterranean and back to Barcelona and promised Plaintiff BEL AMI that it would be permitted to photograph and video graph the young men during the cruise. Instead of a vacation, the young men experienced a nightmare.

10.     RSVP's entertainment manager contacted BEL AMI, the producer of gay erotic movies, and requested that BEL AMI arrange for a group of its models to attend the cruise.  However,  the entertainment manager requested that the young men "NOT discuss with anyone including  other  representatives of RSVP or Atlantis Events ([its]

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102    FAX: 415-404-6616
TEL: 415-404-6615

-4-

parent company), that [RSVP] provided them with free cabins", and further suggesting that the young men should lie and say the cruise was a "reward from Bel Ami for their hard work" if anyone asked.

11. Rumors as to the circumstances relating to the young men's presence on the cruise began before the ship even left the dock. RSVP then had a change of heart. Suddenly, concerned about how the secret arrangement might look to customers or their parent company - or perhaps not satisfied that the young men were fulfilling their end of the bargain, RSVP forced the young men off the ship at the first port of call and left them stranded in Tunisia.

12. At the time, Tunisia was in the aftermath of the tumultuous civil uprising that became known as the Arab Spring; an uprising so powerful that it led to the removal of long-time President Zine El Abidine Ben Ali. The protests constituted the most dramatic wave of social and political unrest in Tunisia in three decades and resulted in scores of deaths and injuries.

13. With no reasonable explanation and under threat of arrest and confiscation of their personal belongings and passports, RVSP forced the young men off the ship, disregarding their request to wait at least one additional day when the ship would be in Italy - a politically stable country within the European Union from where the young men could have at least conceivably made it home by train.

-5-

14.    Instead, the Defendants recklessly disregarded the young men's safety and literally marooned them in an Islamic country in crises, where they could be targeted for abuse, and where their safety was far from certain.   The young men had limited money, no Tunisian visas, no means of return passage, and no ability to speak the local language.   RSVP acted with no regard for the safety of these young men with no explanation for their outrageous and reckless actions.

## FACTS COMMON TO ALL CLAIMS

15.    In June 2011, Tom Valach, RSVP' entertainment manager, contacted BEL AMI's Chief Operating Officer, Stuart Davis, and asked if BEL AMI would arrange to have a group of BEL AMI models attend a  seven-day long Mediterranean cruise to take place in July of 2011.

16.    Mr. Valach and Mr. Davis exchanged several e-mails and telephone conversations negotiating the terms of an agreement.

17.    Under the terms, BEL AMI would arrange to have the models attend the cruise.   RSVP would provide passage and the young men would be entitled to meals and all amenities offered to RSVP's other passengers.   The BEL AMI models were required to understand and speak English.   They were also required to be "very friendly and outgoing," to "mix and mingle with the passengers," and to attend "all parties and events (in costume, where appropriate)".

The Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94102   Fax: 415-404-6616
Tel: 415-404-6615

-6-

18.     Mr. Davis explained that BEL AMI was currently filming a documentary about the company and that this cruise would make a nice backdrop for the documentary footage.  He specifically requested permission to shoot footage of the models throughout the ship.    Valach agreed and wrote that they could film what they wanted in the staterooms and that otherwise any filming would have to exclude other passengers, as well as, any RSVP or Holland America names or logos.  Filming could "not disrupt,  cause offense, or  inconvenience other cruise guests or Holland America staff".  During subsequent telephone calls Mr. Valach repeated that BEL AMI would be permitted to film on the ship.  The ability to shoot documentary footage throughout the ship was a significant factor in BEL AMI's decision to enter the contract.

19.     BEL AMI arranged to have the young men attend the cruise.  They paid their salaries for the time they would attend the cruise and paid for flights, lodging, and other costs associated with attending the cruise.  BEL AMI informed the young men of the terms of the agreement including that they were permitted to film and photograph the trip provided they did not film other passengers or RSVP or Holland America's names or logos.

20.     On the first day of the cruise, the models went to the pool and a BEL AMI photographer, Rudko Benko, took still photographs of the models enjoying the cruise, lying in the sun, and swimming in the pool just as other passengers were doing.

The Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94102   Fax: 415-404-6616
Tel: 415-404-6615

21.     BEL AMI models are well-known among BEL AMI's viewing audience and easily identifiable.  Many of the ships passengers recognized the models and rumors quickly circulated that BEL AMI was on board to film a movie.  The young men received considerable attention from the other passengers, as one would expect.  Passengers asked the models if they were shooting a pornographic film, but when the young men truthfully denied this, the passengers did not believe them.

22.     Several RSVP representatives had conversations with Mr. Benko, each time reiterating that BEL AMI could video graph and take photographs like any other passenger but that they should avoid filming other passengers and any RSVP or Holland America names or logos.

23.     At all times, Mr. Benko and the models respected and adhered to these requests, and at no time did they engage in or film any sexual activity - not even in the privacy of their cabins.

24.     On the morning of their first day at sea,  Mr. Benko, on his own initiative went to see the president of RSVP, in order to make sure everyone was in agreement as to the parameters of the arrangement.  RSVP's president did not express concern about filming (which was allowed under the contract) but expressed concern that the young men were getting too much attention and asked that they not all stay in one group.

25.     In spite of the existing oral and written agreements, another RSVP employee approached the group when they were filming on the sports level and

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

demanded that they stop filming.  No other guests were in this area of the ship at the time.  After a discussion between Mr. Benko and the RSVP employee all filming ceased, and Mr. Benko instructed the models they would not be filming anymore.

26.     A short time later, RSVP's president asked Mr. Benko to meet with him. At the meeting, he summarily informed Mr. Benko that he and the other young men must leave the ship the next morning when it arrived in Tunisia.

27.     Mr. Benko was astonished, having no understanding of the reason for the demand.  He explained that if there was a misunderstanding, he wanted to telephone BEL AMI's offices and have the president or chief operating officer involved, however, the BEL AMI offices were closed for the evening.    Mr. Benko requested that they be permitted to stay on board until the parties could speak with someone from BEL AMI the next day.  He also explained that he needed assistance from the BEL AMI offices to make travel arrangements for the young men.  He  pointed out the dangers inherent in being left in Tunisia and urged that they be permitted to stay on board an additional day so that they could disembark in Italy.  RSVP's employees steadfastly refused and threatened that if the young men did not leave in Tunisia, security would remove them from the ship.  They also threatened the confiscation of their personal belongings and equipment.  Finally, they demanded that all the BEL AMI passengers turn over their passports.  Mr. Benko refused this request, but allowed staff access to several passports at a time in order to process the young men for

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102    FAX: 415-404-6616
TEL: 415-404-6615

expulsion.  No one from RSVP or Holland America ever telephoned Mr. Davis or any other BEL AMI officials before forcing the young men off the ship.

28.    That evening more rumors circulated, and it became clear that RSVP had informed passengers that they were forcing the BEL AMI models from the ship.

29.    Emboldened by RSVP's drastic measures and the negative representation of the young men that was now being circulated, some passengers approached the young men and requested that they engage sex for money.  It was clear that the passengers now felt the young men were not worthy of even the most basic of human dignities.  The young men of course refused these requests.

30.    The young men returned to their cabins, although they could not sleep, fully aware that the next day they would be forced off the ship in Tunisia and not knowing what steps they would need to take to get home.  They had little choice but to put their faith in Mr. Benko and hope for the best.

31.    In the morning, the young men were forced off the ship, while hundreds of other passengers watched.  They waited for hours, sitting on the curb next to the port while Mr. Benko attempted to obtain visas.  Hungry, scared, humiliated, and despondent, they passed another sleepless night - this time in strange country in the aftermath of a tumultuous civil uprising.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

32.    When they returned home, the young men suffered even more indignity as they were teased by friends about being forcibly removed from the ship.  Blogs were already reporting the news, causing the young men further humiliation.

33.    BAOL, s.r.o also suffered damage to its reputation and goodwill.  Further, they were forced to pay the hotel and transportation costs relating to getting the young men back home.  Because of Defendants' actions, BEL AMI never received any of the benefit it had bargained for when it agreed to arrange for the young men to attend the cruise.

34.    Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned, each of the Defendants, was the agent, employee, servant, co-venturer and/or representative of each of the other Defendants and was at all times herein mentioned acting within the purpose and scope of said agency, venture, employment and/or representation and with actual or ostensible authority and agency and that each of the Defendants ratified the actions and/or conduct of the others.

**FIRST CAUSE OF ACTION**
**BY PLAINTIFF BAOL, S.R.O.**
**AGAINST DEFENDANT RSVP VACATIONS, LLC**
**FOR BREACH OF CONTRACT**

35.    Plaintiff BAOL, s.r.o. repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

36.    BEL AMI and RSVP entered a contract that was written, oral, and implied in fact.

-11-

37.     The contract terms were clear enough that the parties understood what each was required to do under the contract which included the following.  RSVP was to provide approximately ten BEL AMI models lodging aboard Holland America's cruise ship the Nieuw Amsterdam for its July 2011 Mediterranean cruise.  RSVP was required to safely transport the models to the various ports along the course of the cruise and return them to Barcelona.    RSVP would provide food and all other amenities normally awarded to passengers of the cruise.  RSVP also offered several discounted cabins for BEL AMI staff who were not actors.  BAOL, s.r.o. was to arrange to have a group of friendly, English speaking, BEL AMI models attend the cruise to mix and mingle with the passengers and attend all ship parties (in costume if appropriate).  BEL AMI was further required to arrange to have the models transported to and from the ship's point of departure - Barcelona, Spain.  BEL AMI was permitted to take documentary film footage throughout the ship, provided they refrained from filming other passengers or RSVP and Holland America's logos.

38.     The parties each agreed to give the other something of value.  BEL AMI expected to benefit by increasing positive recognition of the BEL AMI brand and to have the opportunity to take documentary film footage of its models on the cruise ship.  RSVP expected to benefit from having its brand associated with cruises that attract good-looking young men - the type one would expect to see in a BEL AMI film.

-12-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

39.     The parties understood and agreed to the terms, and each party took steps towards fulfilling the terms of the contract based on that agreement.

40.     BEL AMI did all, or substantially all of the significant things that the contract required it to do, or to the extent Defendant's made it impossible to perform was excused from having to do those things and refrained from doing anything prohibited by the contract.

41.     All the conditions required for RSVP's performance had occurred.

42.     RSVP failed to perform its obligations under the contract.

43.     As a result of RSVP's failure to perform its obligations under the contract, Plaintiff BAOL, s.r.o. has suffered substantial compensable losses, including damage to its business reputation and goodwill, the exact nature and extent of which are not yet fully ascertained,  however, Plaintiff BAOL, s.r.o. estimates the same to be in excess of five hundred thousand ($500,000).  Proof of the extent of damages will be offered at the time of trial.

44.     RSVP's failure caused BEL AMI significant financial burdens and caused harm to BEL AMI's business reputation.  At the time the parties entered the contract, RSVP knew or reasonably should have known of all the harm BAOL would suffer if RSVP did not perform its obligations under the contract.

COMPLAINT

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

### SECOND CAUSE OF ACTION
### BY PLAINTIFF BAOL, S.R.O.
### AGAINST DEFENDANT RSVP VACATIONS, LLC
### FOR FRAUD

45.     Plaintiff BAOL repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

46.     Defendant RSVP intentionally misrepresented or concealed facts from BEL AMI.

47.     RSVP's entertainment manager represented to BEL AMI that its videographer could film and photograph the BEL AMI models throughout the ship for use in a documentary film.  He concealed from BEL AMI that some officials within RSVP, its parent company, Atlantis Events, Inc, and the cruise line, Holland America, would not allow BEL AMI's videographer and photographer to film and photograph the BEL AMI models on the ship for use in a documentary film.

48.     When RSVP's entertainment manager made these representations and concealed and failed to disclose the truth, he knew of the falsity of his statements. More specifically, he knew that some officials within RSVP, its parent company, Atlantis Events, Inc., and the cruise line, Holland America, would not allow BEL AMI's videographer and photographer to film and photograph the BEL AMI models on the ship for use in a documentary film.

49.     RSVP intended to defraud and induced BAOL, s.r.o. to enter the contract. More specifically, RSVP's entertainment manager made the false representations and

concealed and failed to disclose the truth in order to induce BEL AMI to enter the contract and arrange to have BEL AMI models attend the cruise.

50.     BEL AMI relied on the representations made by RSVP's entertainment manager.  BEL AMI spent significant resources to arrange for the models to attend the cruise.  In addition to the administrative time associated with making the arrangements, BEL AMI paid for the models' round trip fare to Barcelona, paid salaries to the models, photographer and videographer, and did not have these individuals available for other work during the time they were away to attend the cruise.

51.     In return, BEL AMI was to receive two benefits.  One was the benefit of having the very recognizable and well known BEL AMI models interact with thousands of gay passengers on the cruise, thus raising the profile of the company, increasing good will, and building brand recognition.  This benefit was somewhat limited by the fact  that RSVP would not allow direct promotion of BEL AMI and the models were prohibited from distributing any promotional materials.  The second benefit was the opportunity to shoot documentary film footage.  This was a significant factor in BEL AMI's decision to agree to the other terms of the contract.

52.     BEL AMI was justified on relying on the entertainment manager's representations.  BEL AMI had no reason to believe that RSVP's entertainment manager was offering something that RSVP did not intend to deliver.

-15-

53.     As a result of BEL AMI's reliance on RSVP's misrepresentations, BAOL suffered damages, including damage to its business reputation and goodwill.  The exact nature and extent of these damages are not yet fully ascertained, proof of which will be offered at the time of trial, however, Plaintiff BAOL, s.r.o. estimates the same to be in excess of five hundred thousand ($500,000).

54.     Defendant Holland America's actions amount to oppression, fraud, and/or malice  and thus Plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

### THIRD CAUSE OF ACTION
### BY PLAINTIFF BAOL, S.R.O.
### AGAINST DEFENDANT HOLLAND AMERICA, N.V.
### FOR INDUCING BREACH OF CONTRACT

55.     Plaintiff BAOL repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

56.     At all times material hereto, Plaintiff BAOL, s.r.o. had a valid and existing contract with Defendant RSVP Vacations, llc, under which RSVP was to provide passage, food, and other amenities to the BEL AMI passengers and would allow BEL AMI to film a video documentary of the models while on the cruise.  The BEL AMI passengers were to mix and mingle with other RSVP passengers and attend all parties.

57.     Plaintiff BAOL is informed and believes and based thereon alleges that at all times material hereto Defendant Holland America, N.V. knew of the contract.

-16-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

58. Plaintiff BAOL is informed and believes and based thereon alleges that Holland America intended to cause RSVP to breach the contract by forcing the BAOL passengers off the Nieuw Amsterdam.

59. Plaintiff BAOL is informed and believes and based thereon alleges that Holland America's conduct proximately caused RSVP to breach the contract.

60. As a result of the breach, Plaintiff BAOL, s.r.o. suffered harm.

61. Holland America's conduct was a substantial factor in causing the harm suffered by BAOL, s.r.o., including damage to its business reputation and goodwill. The exact nature and extent of these damages are not yet fully ascertained, proof of which will be offered at the time of trial, however, Plaintiff BAOL, s.r.o. estimates the same to be in excess of five hundred thousand ($500,000).

62. Defendant Holland America's actions amount to oppression, fraud, and/or malice and thus Plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

## FOURTH CAUSE OF ACTION
## BY PLAINTIFF BAOL, S.R.O.
## AGAINST DEFENDANT HOLLAND AMERICA, N.V.
## FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

63. Plaintiff BAOL repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

64. At all times material hereto, Plaintiff BAOL, s.r.o. had a valid and existing contract with Defendant RSVP Vacations, llc, under which RSVP was to

-17-

provide passage and food to the BAOL passengers and the BAOL passengers were to mix and mingle with other RSVP passengers and attend all parties.

65.    Plaintiff BAOL is informed and believes and based thereon alleges that Holland America knew of the contract.

66.    Plaintiff BAOL is informed and believes and based thereon alleges that Holland America intended to disrupt the performance of this contract.

67.    Plaintiff BAOL is informed and believes and based thereon alleges that Holland America's conduct prevented performance or made performance more expensive or difficult.

68.    Plaintiff BEL AMI was harmed by RSVP's breach of the contract.

69.    Holland America N.V.'s interference with contractual relationships, was a substantial factor in causing damages Plaintiff  BAOL, s.r.o. has suffered including substantial compensable losses,  including damage to its reputation and good will, the exact nature and extent of which are not yet fully ascertained, proof of which will be offered at the time of trial, however, Plaintiff BAOL, s.r.o. estimates the same to be in excess of five hundred thousand ($500,000).

70.    Defendant Holland America's actions amount to oppression, fraud, and/or malice  and thus Plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

-18-

The Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94102   Fax: 415-404-6616
Tel: 415-404-6615

## FIFTH CAUSE OF ACTION
## BY ALL PLAINTIFFS
## AGAINST DEFENDANT RSVP, LLC
## FOR NEGLIGENCE

71.     Plaintiffs repeat and incorporate by this reference the allegations set forth in all previous paragraphs.

72.     At all times mentioned herein, Defendants offered to the public to carry persons and property and maintained regular places of business for the purpose of transporting passengers and charged standard fees for their services.  Thus, under the law, Defendant RSVP, Vacations, llc is a common carrier.

73.     Defendant RSVP was under a legal duty to exercise reasonable care under the circumstances.

74.     RSVP failed to use reasonable care under the circumstances to prevent harm to BAOL, s.r.o. and the BEL AMI passengers and thus was negligent.

75.     RSVP's conduct was an extreme departure from what would have been reasonable under the circumstances, and thus their actions amounted to gross negligence.

76.     RSVP breached its legal duty to exercise care, by expelling the BEL AMI passengers from the ship, abandoning them in Tunisia and thereby causing them to suffer harm.

77.     Plaintiffs suffered harm and RSVP's negligent conduct was the proximate cause of the harm suffered by BAOL, s.r.o. and the BEL AMI passengers, including

-19-

damage to their business reputation and goodwill.  The exact nature and extent of these damages are not yet fully ascertained, proof of which will be offered at the time of trial, however, Plaintiff's estimate the same to be in excess of five hundred thousand ($500,000).

78.     Defendant RSVP's actions amount to oppression, fraud, and/or malice and thus Plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

**SIXTH CAUSE OF ACTION**
**BY PLAINTIFFS RUDKO BENKO, DANIEL TRNKA,**
**MILAN  HANKOVSKY, PETR  MASIN,  IGOR CAFIK,**
**ADRIAN KOVACS, THAMAS URBAN, LUKAS GOMBIK, MICHAL**
**KARIKA, ATTILA  KISS, and DANIEL FERENCIK**
**AGAINST DEFENDANT RSVP, LLC**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

79.     Plaintiffs repeat and incorporate by this reference the allegations set forth in all previous paragraphs.

80.     With no explanation, RSVP in full view of thousands of other passengers forced RUDKO BENKO, DANIEL TRNKA, MILAN  HANKOVSKY, PETR  MASIN,   IGOR CAFIK, ADRIAN  KOVACS, THAMAS URBAN, LUKAS GOMBIK, MICHAL KARIKA, ATTILA  KISS,   and DANIEL FERENCIK (hereinafter "young men" or "BAOL passengers") to disembark from the cruise ship Nieuw Amsterdam in Tunisia, a country reeling from the effects of the Arab Spring Uprising.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

81.   RSVP knew the young men did not have visas that would be required to leave Tunisia.

82.   RSVP threatened to confiscate the young men's personal belongings, equipment, and passports if they did not disembark in Tunisia.  They also threatened to have them fiscally removed by security if they did not disembark.

83.   RSVP never explained to the young men the reason they were being forced from the ship and gave them no warning and no opportunity to cure the problem - whatever it was.

84.   RSVP refused to wait an additional day so that the young men could contact someone from the BAOL, llc office to further discuss the matter and seek resolution or to assist in making alternative travel arrangements.  RSVP did not contact BEL AMI company officials to discuss the situation prior to forcing the young men from the ship.

85.   RSVP refused the young men's request to stay on board an additional day until the ship was in a Italy - a politically stable country that is a member of the European Community.

86.   RSVP failed to explore any other option for addressing whatever its concerns were about having the young men remain on the ship.

87.   RSVP informed other passengers that they were forcing the BEL AMI passengers to leave the ship.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

88.     RSVP's conduct was outrageous and went beyond all bounds of decency. Any reasonable person would regard this conduct as intolerable in a civilized community.

89.     RSVP acted with reckless disregard of the probability that the BEL AMI passengers would suffer emotional distress.

90.     The young men each suffered severe emotional distress in the form of anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

91.     RSVP's conduct was a substantial factor in causing the young men's severe emotional distress.

92.     Defendant RSVP is guilty of oppression, fraud, and/or malice  and thus Plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

### SEVENTH CAUSE OF ACTION
### BY PLAINTIFFS RUDKO BENKO, DANIEL TRNKA, MILAN  HANKOVSKY, PETR  MASIN,  IGOR CAFIK, ADRIAN KOVACS, THAMAS URBAN, LUKAS GOMBIK, MICHAL KARIKA, ATTILA KISS,  and DANIEL FERENCIK AGAINST DEFENDANT RSVP, LLC FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

93.     Plaintiffs repeat and incorporate by this reference the allegations set forth in all previous paragraphs.

94.     By nature of its position as a common carrier and its contract with BAOL, RSVP owed a special duty of care to Plaintiffs.

95.     In forcing the BEL AMI passengers from the ship in Tunisia, RSVP's actions were negligent in carrying out that duty.

96.     As a result, the young men each suffered serious emotional distress in the form of anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

97.     RSVP's conduct was a substantial factor in causing the young men's severe emotional distress.

98.     Defendant RSVP is guilty of oppression, fraud, and/or malice  and thus Plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant.

## JURY DEMAND

99.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1) That the Court order Defendants to pay Plaintiffs' general, special, and actual damages as follows:

-23-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

a. Plaintiff BAOL, s.r.o.'s damages caused by Defendant RSVP's breach of contract;

b. Plaintiff BAOL, s.r.o.'s damages caused by Defendant RSVP's fraud;

c. Plaintiff BAOL, s.r.o.'s damages caused by Defendant Holland America's inducement of breach of contract and intentional interference with contractual relationships;

d. Plaintiffs RUDKO BENKO, DANIEL TRNKA, MILAN HANKOVSKY, PETR MASIN, IGOR CAFIK, ADRIAN KOVACS, THAMAS URBAN, LUKAS GOMBIK, MICHAL KARIKA, ATTILA KISS, and DANIEL FERENCIK's damages for injuries suffered as a result of Defendant RSVP's intentional and negligent infliction of emotional distress;

2) Punitive damages of no less than one million dollars ($1,000,000) for Defendant RSVP's actions as provided for under California Civil Procedure § 3294 for the damage to Plaintiffs caused by their fraud, gross negligence, and intentional and negligent infliction of emotional distress.

3) Punitive damages of no less than one million dollars ($1,000,000) for Defendant Holland America's actions as provided for under California Civil Procedure § 3294 for the damage caused by their inducement of breach of contract and intentional interference with contractual relationships.

4) That the Court order Defendants to pay Plaintiffs' costs in bringing this action;

5) That the Court order Defendants to pay pre and post judgment interest according to law; and

6) That the Court grant to Plaintiffs such other and additional relief as is just and proper.

Dated: 6/25/2012

Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiffs

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 5523 RGK (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT

for the
Central District of California

| | |
|---|---|
| BAOL, S.R.O., RUDKO BENKO, DANIEL TRNKA, MILAN HANKOVSKY, MICHAL KARIKA, PETR MASIN, IGOR CAFIK, ADRIAN KOVACS, TAMAS URBAN, LUKAS GOMBIK, ATTILA KISS, and DANIEL FERENCIK,<br><br>*Plaintiff,*<br><br>vs.<br><br>RSVP VACATIONS, LLC and HOLLAND AMERICA, N.V.,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV12 - 05523 RGK (MANx)<br><br>**Civil Action No.** |

## SUMMONS IN A CIVIL ACTION

To: (*Defendant's name and address*)    RSVP VACATIONS, LLC and
HOLLAND AMERICA, N.V.,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

D. Gill Sperlein                    (p) 415-404-6615
584 Castro Street, Suite 879    (f) 415-404-6616
San Francisco, CA 94114        (e-mail) gill@sperleinlaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

JUN 2 5 2012

Date: _____

**JULIE PRADO**

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Baol, sro., Rudko Benko, Daniel Trnka, Milan Hankovsky, Michal Karika, Petr Masin, Igor Cafik, Adrian Kovacs, Tamas Urban, Lukas Gombik, Attila Kiss, and Daniel Ferencik.

**DEFENDANTS**
RSVP Vacations, llc and Holland America Line, N.V.,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
D. Gill Sperlein (SBN 172887)   ph: 415-404-6615
The Law Office of D. Gill Sperlein   fx: 415-404-6616
345 Grove Street, San Francisco, CA  94102   gill@sperleinlaw.com

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)   In excess of $75,000

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C.A. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | See Attached Sheet |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant RSVP Vacations, llc - Los Angeles County | Defendant Holland America N.V. - the Netherlands |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose**.**
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Fraud - Minnesota; all other claims Tunisia |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note</u>: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  /s/ D. Gill Sperlein      Date  6/25/2012

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

*BAOL, s.r.o., et al v. RSVP Vacations, llc, et al*

## ATTACHMENT TO CIVIL COVERSHEET

_____

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)    List the County in this District; California County outside this District, State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in District.* | California County outside this District, State, if other than California, or Foreign Country |
|---|---|
| | Baol, sro.,  the Czech Republic |
| | Rudko Benko, the Czech Republic |
| | Daniel Trnka, the Czech Republic |
| | Milan Hankovsky, the Slovak Republic |
| | Michal Karika, the Czech Republic |
| | Petr  Masin, the Czech Republic |
| | Igor Cafik, the Slovak Republic |
| | Adrian Kovacs, Hungary |
| | Tamas Urban, Hungary |
| | Lukas Gombik, the Czech Republic |
| | Attila Kiss, Hungary |
| | Daniel Ferencik, the Slovak Republic |